NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 25 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

CHARLENE WAGNER,

              Plaintiff-Appellant,

  v.

UNIVERSITY OF WASHINGTON, a public university; et al.,

              Defendants-Appellees.

No.   20-35808

D.C. No. 2:20-cv-00091-BJR

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Barbara Jacobs Rothstein, District Judge, Presiding

Argued and Submitted February 8, 2022
Portland, Oregon

Before: PAEZ and NGUYEN, Circuit Judges, and TUNHEIM,[**] District Judge.

    Charlene Wagner ("Wagner") appeals the district court's grant of summary

judgment in favor of the University of Washington ("University"), individual

University Defendants, and the Service Employees International Union Local 925

---

    [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]     The Honorable John R. Tunheim, Chief United States District Judge for the District of Minnesota, sitting by designation.

("SEIU") (collectively, "Defendants"). Wagner alleged four claims under 42 U.S.C. § 1983 for violations of her First and Fourteenth Amendment rights and several state law claims for breach of contract and unjust enrichment. We have jurisdiction under 28 U.S.C. § 1291 and review de novo. *Danielson v. Inslee*, 945 F.3d 1096, 1098 (9th Cir. 2019). We affirm.

**1.** *Section 1983 Claims Against SEIU.* The district court did not err in granting summary judgment on Wagner's § 1983 claims against SEIU. SEIU did not act "under color of state law" in contracting with Wagner. *Collins v. Womancare*, 878 F.2d 1145, 1147 (9th Cir. 1989); 42 U.S.C. § 1983.

To maintain a claim under § 1983, Wagner must establish that SEIU "(1) deprived [her] of a right secured by the Constitution, and (2) acted under color of state law." *Collins*, 878 F.2d at 1147. We apply a two-prong framework to determine if a private actor acted "under color of state law," which is commonly known as "state action." *Belgau v. Inslee*, 975 F.3d 940, 946 (9th Cir. 2020); *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 929, 937 (1982). We first consider "whether the claimed constitutional deprivation resulted from 'the exercise of some right or privilege created by the State or by a rule of conduct imposed by the state or by a person for whom the State is responsible.'" *Belgau*, 975 F.3d at 946 (quoting *Ohno v. Yasuma*, 723 F.3d 984, 994 (9th Cir. 2013)). Utilizing one of four tests outlined by the Supreme Court, we then examine "whether the party

2

charged with the deprivation could be described in all fairness as a state actor." *Id.* at 947 (quoting *Ohno*, 723 F.3d at 994); *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1140 (9th Cir. 2012) (outlining the four tests).

Neither prong is satisfied here. Wagner's "claimed constitutional deprivation" stems from a private agreement between her and SEIU, not a state statute or policy. *Belgau*, 975 F.3d at 946 (quoting *Ohno*, 723 F.3d at 994). Further, SEIU cannot fairly be "described . . . as a state actor" under either alternative outlined in the joint action test. *Id.* at 947 (quoting *Ohno*, 723 F.3d at 994). The University did not "affirm[], authorize[], encourage[], or facilitate[] unconstitutional conduct" as it had, at most, a "ministerial" role in processing dues deductions. *Id.* at 947–48 (quoting *Ohno*, 723 F.3d at 996). Further, the University did not "insinuate[] itself into a position of interdependence with" SEIU such that SEIU could be deemed a "joint participant." *Id.* at 947 (quoting *Ohno*, 723 F.3d at 996). In this arrangement, the University acted as a "passthrough" for dues deduction and remittance. *Id.* at 948. For these reasons, the district court did not err in granting summary judgment to SEIU.

**2.** *Section 1983 Claims Against the University Defendants*. Next, the district court did not err in granting summary judgment on Wagner's § 1983 claims against the individual University Defendants and the University. Wagner's First Amendment claims are foreclosed by *Belgau*. In *Belgau*, we held that *Janus v.*

*American Federation of State, County, & Municipal Employees, Council 31*, 138 S. Ct. 2448 (2018), did not "extend a First Amendment right to avoid paying union dues" or create "a new First Amendment waiver requirement for union members before dues are deducted pursuant to a voluntary agreement." *Id.* at 951–52. Thus, Wagner has no First Amendment right to refuse to pay her voluntarily authorized union dues or to require that SEIU obtain her waiver before requesting that the University deduct and remit her dues. Wagner's Fourteenth Amendment claim also fails. Wagner was not deprived of a constitutionally protected property interest when the University deducted and remitted her voluntarily authorized dues. *Cf. id.* at 950 (holding that "[t]he First Amendment does not support [e]mployees' right to renege on their promise to join and support the union"). Accordingly, the district court did not err in granting summary judgment to the individual University Defendants and the University.

**3.** *State Law Claims*. Finally, the district court did not err in granting summary judgment on Wagner's state law claims against all Defendants. Wagner's breach of contract claim fails because her 2018 membership agreement was adequately supported by consideration. *See id.* at 949 n.4 (upholding a materially indistinguishable revised membership agreement also governed by Washington law as a valid contract). As a result, Wagner's unjust enrichment claim also fails. *See id.* The district court did not err in granting summary

4

judgment to the Defendants on Wagner's state law claims.

**AFFIRMED**.